999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick L. JORDAN, Jr., a single person, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-35573.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1993.*
Decided July 23, 1993.
 
 Before CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 The district court dismissed Corporal Frederick L. Jordan, Jr.'s action, seeking recovery for negligent treatment at a military medical facility while on active duty, under the Feres doctrine. Jordan appeals, and we affirm.
 
 FACTS
 
 3
 Cpl. Jordan enlisted in the United States Marine Corps in 1987. Following basic training, he was assigned to MCAS Tustin, where he served as a military aircraft mechanic. In May of 1989, Jordan experienced blackouts and other symptoms related to hypertension. He reported to the base infirmary and was transferred to Long Beach Naval Hospital for examination and treatment. Jordan remained at the Hospital for four days for medical testing. On the third day, he underwent a spinal tap upon the recommendation of the treating neurologist. All tests proved negative, and Jordan was released to active duty on June 2, 1989.
 
 
 4
 During the spinal tap procedure, Jordan complained of low back pain. He was assured that the pain was caused by muscle spasms, which were a common side effect of the procedure, and was told not to worry about the pain because it would eventually subside. However, the pain intensified after his release to active duty. On June 15, 1989, the pain necessitated Jordan's transfer by ambulance from MCAS Tustin to the El Toro Naval Air Station. At El Toro, Jordan underwent a series of x-rays and other tests, all of which proved negative, and he was released the same afternoon.
 
 
 5
 Despite the negative tests, Jordan's back pain increased. Within a few days, he was bedridden as a result of the pain. He was taken by ambulance to the El Toro medical facility and transferred immediately to the Long Beach Naval Hospital. Again, Jordan complained of low back pain, reminding medical personnel at the hospital that he had undergone a spinal tap a few weeks earlier. He was assured that the pain was the result of muscle spasms, and unrelated to the spinal tap procedure. He was referred to physical therapy, but no tests were performed.
 
 
 6
 Jordan's condition did not improve. On July 25, 1989, he was transferred to the Spinal Clinic at the San Diego Naval Hospital. Blood tests were performed and revealed that Jordan was suffering from a severe infection as a result of the spinal tap. Two days later, Jordan underwent surgery to remedy the condition.
 
 
 7
 The treating physician at the San Diego Spinal Clinic informed Jordan that his condition and the surgery were the direct result of negligent medical care provided by the Long Beach Naval Hospital. Specifically, he was told that the spinal tap had been administered improperly and that the follow up care had been inadequate.
 
 
 8
 Jordan sued to recover damages for his injuries. The district court dismissed the action, and Jordan appeals.
 
 STANDARD OF REVIEW
 
 9
 The district court concluded that Cpl. Jordan's action was barred by the Feres doctrine. We review de novo a district court's determination that it lacks subject matter jurisdiction under the Feres doctrine. Estate of McAllister v. United States, 942 F.2d 1473, 1475 (9th Cir.1991), cert. denied, 112 S.Ct. 1164 (1992); Persons v. United States, 925 F.2d 292, 294 (9th Cir.1991). We must determine independently whether the Feres doctrine applies to the facts in the record. McAllister, 942 F.2d at 1475; Persons, 925 F.2d at 294; McGowan v. Scoggins, 890 F.2d 128, 129 (9th Cir.1989). In our review of the order dismissing the action, we must assume that all of Cpl. Jordan's allegations are true. McGowan, 890 F.2d at 136.
 
 DISCUSSION
 
 10
 The law clearly precludes Cpl. Jordan's action against the government. See Feres v. United States, 340 U.S. 135 (1950); Persons v. United States, 925 F.2d 292 (9th Cir.1991); Atkinson v. United States, 825 F.2d 202 (9th Cir.1987), cert. denied, 485 U.S. 987 (1988). In Feres, the Supreme Court held that the government is immune from suits "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres, 340 U.S. at 146. Under Feres and its progeny, the negligent treatment of military personnel by military doctors in a military facility has always been considered 'an activity incident to service.' Id. at 135-46; Atkinson, 825 F.2d at 202-05. While our sympathies lie with Cpl. Jordan, the law compels us to affirm the district court's dismissal of his action.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3